Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Rick A. Mula
Assistant Federal Public Defender
Illinois State Bar No. 6331934
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Rick_Mula@fd.org

*Attorney for Defendant Auhzaray Delynn Foster

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Auhzaray Delynn Foster,<br><br>　　　　　Defendant. | Case No. 2:23-cr-00180-JCM-MDC<br><br>**Motion to Reopen Detention Hearing** |

## I.   Introduction

Mr. Foster seeks to reopen his detention hearing and respectfully requests that he be released on conditions, including the condition that he reside with a third-party custodian (his mother, Shawana Littizs). At the time of his detention hearing, Mr. Foster did not know that his mother was willing to serve as a third-party custodian. This new information supports the conclusion that conditions can be fashioned that would reasonably secure Mr. Foster's appearance in court and the safety of the community.

## II. Procedural History

Mr. Foster made an initial appearance on September 26, 2023. ECF No. 7. The government sought detention, and the defense submitted to detention. However, the defense noted on the record that Mr. Foster was in custody on two state matters and may seek to reopen detention if those matters resolved.

Magistrate Judge Ferenbach did not hear argument from the government as to detention and instead ordered detention based on information contained in the pretrial services report.

## III. Legal Standard

The Court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). The rule requires the defendant to establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Bararia*, No. 2:12-cr-00236-MMD-GWF, 2013 U.S. Dist. LEXIS 67820, at *9 (D. Nev. Mar. 13, 2013) (citing *United States v. Bowens*, No. CR-07-544-2-PHX-ROS (ECV), 2007 U.S. Dist. LEXIS 55749, 2007 WL 2220501 (D. Ariz. July 31, 2007)).

## IV. Argument

### A. Mr. Foster relies on new, material information—the willingness of his mother to serve as a third-party custodian—to support this motion.

Mr. Foster seeks to reopen detention because he has learned that his mother is willing to serve as a third-party custodian. Mr. Foster's mother is Shawana Littizs. She resides in Las Vegas, and she is willing to open her home to her son if the Court

grants pretrial release. Ms. Littizs also is willing to abide by all conditions imposed upon a third-party custodian, including the obligation to report violations of pretrial release conditions to Mr. Foster's pretrial services officer. She has no felony convictions, and the only person who lives with her is her 15-year-old daughter (who also has no felony convictions). There are no firearms in the home. Undersigned counsel has sent Ms. Littizs's address and phone number to pretrial services. Pretrial services stands at the ready to verify Ms. Littizs's suitability as a third-party custodian once this motion is filed.

This information was unknown to Mr. Foster at the time that he made an initial appearance. At that time, Mr. Foster was in state custody and submitted to detention in order to attempt to resolve his state cases.

In addition, this information is material to release conditions. A third-party custodian adds an extra layer of security to ensure that Mr. Foster is neither a flight risk nor a danger to the community.

**B.    Mr. Foster is not a flight risk.**

The Court is directed to consider the history and characteristics of the defendant in determining risk of nonappearance. 18 U.S.C. § 3142(g). An individual's "history and characteristics" encompasses a wide array of information, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceeding." *Id.* § 3142(g)(3)(A). Here, these factors weigh in favor of release.

Mr. Foster has lived in Las Vegas since 2021. Pretrial Services Report at 1. His only arrests while living in our community have been for a minor traffic violation (driving without a driver's license) and the instant offense. *Id.* at 4–5.

Mr. Foster has maintained employment since August 2022 through a temporary staffing agency. Pretrial Services Report at 2. He earned about $3,000 monthly in that position. *Id*. Mr. Foster can return to that employment if released. *Id*.

Pretrial services recommended detention in part because of Mr. Foster's unknown substance use history. Mr. Foster does not have substance abuse issues. While he has a DUI in his criminal history, the DUI was related to cannabis use—not alcohol. The DUI is more than six years old, and there are no subsequent DUIs. Mr. Foster denies any substance use disorders such a binge drinking, alcohol misuse, or dependency on any drugs or alcohol.

Pretrial services also recommended detention based on Mr. Foster's prior failures to appear ("FTAs"). These FTAs do not establish that Mr. Foster is a flight risk.

Mr. Foster's first FTA is listed as November 17, 2015. Pretrial Services Report at 3. That FTA has little bearing on Mr. Foster's likelihood of appearance today because it is more than eight years old. In addition, Mr. Foster was only 18 years old at the time. This FTA is too remote in time (and too tethered to youthful ignorance) to establish a likelihood of non-appearance today.

Mr. Foster's second FTA is listed as April 8, 2022. Pretrial Services Report at 4. That date is incorrect. The court date that Mr. Foster missed was actually over three years earlier—on January 28, 2019. Exhibit A. Mr. Foster missed that court date because he was living in California at the time and lacked the means to travel to Las Vegas. If Mr. Foster were released in this case, he would remain in Las Vegas with his mother and inter-state travel would be prohibited. Mr. Foster would not face the same obstacles to appearance that he faced in January 2019.

Mr. Foster's third FTA is listed as May 23, 2023. Pretrial Services Report at 5. This FTA was connected to a minor traffic violation—driving without a driver's

1  license. Mr. Foster resolved this violation by contacting the court of his own volition.
2  Once he contacted the court, he was able to resolve the matter.

3  Accordingly, Mr. Foster's history and characteristics weigh in favor of release
4  because conditions or a combination of conditions can be fashioned to assure his
5  appearance.

### C. Mr. Foster is not a danger to the community.

With respect to danger, the Court should consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

Mr. Foster's only violent crime is connected to an intimate relationship that he was in when he was in his late teens. He was 18 to 19 years old at the time (he is now 27), and he has no contact with that person anymore. He also has not been convicted of any other violent crimes. The absence of other violent crimes from Mr. Foster's criminal history reflects the lack of danger he poses to the community.

### D. Conditions can be fashioned to ensure Mr. Foster's appearance and safety of the community.

The following conditions of release under § 3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Mr. Foster's appearance in court and the safety of the community:

- Maintain or actively seek employment;
- Follow restrictions on personal associations, place of abode, or travel, including electronic monitoring or GPS monitoring;
- Report on a regular basis to pretrial services;
- Comply with a curfew;
- Refrain from possessing a firearm, destructive device, or other dangerous weapon; and

5

- Refrain from any use of a narcotic drug or other controlled substance without a prescription.

E. **Statistics showing that it is extraordinarily rare for defendants on bond to flee or recidivate further demonstrate that conditions of release will reasonably assure appearance and safety.**

It is not necessary to detain Mr. Foster to meet the primary goals of the Bail Reform Act, which are to "reasonably assure" appearance in court and community safety. 18 U.S.C. § 3142(e). In this case, this Court should be guided by statistics from the Administrative Office of the U.S. Courts showing that nearly everyone released pending trial in the federal system appears in court and does not reoffend. In the most current available data (for the 12-month period ending September 30, 2022), 99% of released federal defendants nationwide appeared for court as required, and 98% were not arrested new crimes on bond.[1] Administrative Office of the U.S. Courts, Judicial Business 2022, Table H-15 (U.S. District Courts Pretrial Services Violations Summary Report), available at https://www.uscourts.gov/file/61884/download. The bond statistics for this district likewise strongly suggest that Mr. Foster should be released. For the 12-month period ending September 30, 2022, only four out of 546 defendants released pretrial wound up with failure-to-appear violations. *See id.* In that same period, none of the 546 defendants on pretrial release were rearrested. *Id.*

Despite the statistically low risk of flight and recidivism that defendants like Mr. Foster pose, the government recommends detention in 67% of cases in this district. *See* Federal Pretrial Services Statistical Tables For The Federal Judiciary,

---

[1] These high compliance rates have remained remarkably consistent over time, both before and after the pandemic. *See, e.g.*, Mot. for Bond, *United States v. Rodriguez*, No. 19-CR-77 (E.D. Wis. Apr. 2, 2020), ECF No. 41, Ex. 1, archived at https://perma.cc/LYG4-AX4H (showing a nationwide appearance rate of 99% and non-rearrest rate of 98%).

6

1  Table H-3 (June 30, 2023), available at https://www.uscourts.gov/statistics/table/h-
2  3/statistical-tables-federal-judiciary/2023/06/30. The government's detention
3  requests are not tailored to the low risk of flight and recidivism that defendants in
4  this district pose. Furthermore, the evidence before the Court does not establish
5  that Mr. Foster would be among the approximately 1% of defendants who fail to
6  appear in court or are rearrested on bond. Detaining Mr. Foster without such
7  evidence violates his constitutionally protected liberty interest.

## V. Conclusion

Accordingly, Mr. Foster respectfully requests that the Court reopen his detention hearing and order him released on conditions.

Dated January 19, 2024.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Rick A. Mula*
Rick A. Mula
Assistant Federal Public Defender

# EXHIBIT A

EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Criminal Search Refine Search  Back                    Location : Justice Court  Help

Online payments are temporarily unavailable. If you wish to make a payment on your criminal case, you can make a payment in person at Las Vegas Justice Court's Customer Service Division, mail in a Cashier's Check or Money Order, or pay in court at your future court return date.

Las Vegas Justice Court's Customer Service Division is located at the below address. Cashier's Checks and Money Orders can be mailed to this same address. No cash or personal checks are accepted.

Regional Justice Center
200 Lewis Ave.
1st Floor – Customer Service Division
Las Vegas, NV 89155

# REGISTER OF ACTIONS
### CASE NO. 18F11860X

| | | |
|---|---|---|
| State of Nevada vs. FOSTER, AUHZARAY | § § § § § | Case Type: **Felony**<br>Date Filed: **09/24/2018**<br>Location: **JC Department 12** |

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** | **FOSTER, AUHZARAY**<br>Other Agency Numbers<br>7060679 Justice Court Scope ID Subject<br>Identifier, 7060679 Scope ID Subject<br>Identifier | | **Lead Attorneys**<br>**Public Defender**<br>*Public Defender*<br>702-455-4685(W) |
| **State of Nevada** | State of Nevada | | |

## CHARGE INFORMATION

| **Charges: FOSTER, AUHZARAY** | **Statute** | **Level** | **Date** |
|---|---|---|---|
| 1. Own/poss gun by prohibit pers [51460] | 202.360.1 | Felony | 06/26/2018 |

## EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **DISPOSITIONS** |
| 04/26/2022 | **Disposition** (Judicial Officer: Sullivan, Diana L.)<br>    1. Own/poss gun by prohibit pers [51460]<br>        Waiver of Preliminary Hearing - Bound Over to District Court |
| | **OTHER EVENTS AND HEARINGS** |
| 06/26/2018 | **Standard Bail Set**<br>    Ct1: $5000 Cash/$5000 Surety |
| 06/26/2018 | **CTRACK Track Assignment** JC12 |
| 06/27/2018 | **Initial Appearance Justice Court (PC Review)** (9:00 AM) (Judicial Officer Sullivan, Diana L.)<br>Result: Signing Completed |
| 06/27/2018 | **Probable Cause Review Packet - Initial Appearance Court** |
| 06/27/2018 | **Nevada Risk Assessment Tool** |
| 06/27/2018 | **Not Released NPR** |
| 06/27/2018 | **CTRACK Case Modified**<br>    Jurisdiction/DA; |
| 06/27/2018 | **Probable Cause Found** |
| 06/27/2018 | **Bail Reset - Cash or Surety**<br>    Counts: 001 - $5,000.00/$5,000.00 Total Bail |
| 06/27/2018 | **Minute Order - Department 12** |
| 06/28/2018 | **72 Hour Hearing** (8:00 AM) (Judicial Officer Sullivan, Diana L.)<br>In custody<br>Result: Matter Heard |
| 06/28/2018 | **72-Hour Hearing Completed** |
| 06/28/2018 | **Continued for Status Check on filing of Criminal Complaint** |
| 06/28/2018 | **Release Order - Court Ordered due to no complaint filed** (Judicial Officer: Sullivan, Diana L. )<br>    Counts: 001 |
| 06/28/2018 | **Minute Order - Department 12** |
| 06/28/2018 | **Official Court Date Slip** |
| 08/24/2018 | **Status Check on Filing of Criminal Complaint** (8:00 AM) (Judicial Officers Pro Tempore, Judge, Stoberski, Holly S.)<br>    No Bail Posted |

| Date | Event |
|---|---|
| | Result: Matter Heard |
| 08/24/2018 | **Continued for Status Check on filing of Criminal Complaint** |
| 08/24/2018 | **Minute Order - Department 12** |
| 09/24/2018 | **Criminal Complaint** |
| 12/28/2018 | **Status Check on Filing of Criminal Complaint** (8:00 AM) (Judicial Officer Sullivan, Diana L.) |
| | No bail posted |
| | Result: Matter Heard |
| 12/28/2018 | **Summons Ordered** |
| 12/28/2018 | **Minute Order - Department 12** |
| 12/28/2018 | **Summons Issued** |
| 12/28/2018 | **Confidential Document** |
| | Address with zip code |
| 01/28/2019 | **Initial Appearance** (8:00 AM) (Judicial Officer Sullivan, Diana L.) |
| | No bail posted |
| | Result: Bench Warrant Issued |
| 01/28/2019 | **Bench Warrant Ordered Issued - Defendant Failed to Appear** |
| | $5,000 / 5,000 Case called at 8:52 am |
| 01/28/2019 | **Minute Order - Department 12** |
| 01/28/2019 | **Warrant Issued** |
| 01/28/2019 | **Bench Warrant - Face Sheet** |
| 01/28/2019 | **Bench Warrant Confidential** |
| 04/09/2022 | **Warrant Arrest Documents** |
| 04/10/2022 | **Nevada Risk Assessment Tool** |
| 04/10/2022 | **Not Released NPR** |
| 04/11/2022 | **Bench Warrant Return Hearing** (7:30 AM) (Judicial Officer Sullivan, Diana L.) |
| | In Custody |
| | Result: Matter Heard |
| 04/11/2022 | **Defendant not Transported** |
| | Refused |
| 04/11/2022 | **Continued For Presence** |
| | Defendant's presence for initial appearance and bench warrant return hearing |
| 04/11/2022 | **Bail Stands - Cash or Surety** |
| | Counts: 001 - $5,000.00/$5,000.00 Total Bail |
| 04/11/2022 | **Minute Order - Department 12** |
| 04/12/2022 | **Bench Warrant Return Hearing** (7:30 AM) (Judicial Officer Sullivan, Diana L.) |
| | In Custody |
| | Result: Matter Heard |
| 04/12/2022 | **Initial Appearance Completed** |
| | Defendant Advised of Charges on Criminal Complaint, Waives Reading of Criminal Complaint |
| 04/12/2022 | **Defendant Not Identified as a Veteran** |
| | After Court inquiry, the defendant represented that they are not a Veteran and not a member of the Military. |
| 04/12/2022 | **Defendant Identified as Indigent** |
| | Defendant and the Court discussed the appointment of counsel and defendant requested appointment of counsel. |
| 04/12/2022 | **Public Defender Appointed** |
| 04/12/2022 | **Oral Motion** |
| | Defendant's motion for release on electronic monitoring. Objection by the State. Defendant's motion denied without prejudice. Court advised that Defense may file a motion if this case becomes the only case holding the Defendant |
| 04/12/2022 | **Bail Stands - Cash or Surety** |
| | Counts: 001 - $5,000.00/$5,000.00 Total Bail |
| 04/12/2022 | **Minute Order - Department 12** |
| 04/26/2022 | **Preliminary Hearing** (9:00 AM) (Judicial Officer Sullivan, Diana L.) |
| | In custody |
| | Result: Bound Over |
| 04/26/2022 | **Unconditional Bind Over to District Court** |
| | Defendant unconditionally waives right to Preliminary Hearing. Defendant Bound Over to District Court as Charged. Per negotiations, State to dismiss 22CR016584. Defendant to Appear in District Court for Arraignment. |
| 04/26/2022 | **District Court Appearance Date Set** |
| | May 2 2022 9:15AM: In custody |
| 04/26/2022 | **Bail Stands - Cash or Surety** |
| | Counts: 001 - $5,000.00/$5,000.00 Total Bail |
| 04/26/2022 | **Case Closed - Bound Over** |
| 04/26/2022 | **Minute Order - Department 12** |
| 04/26/2022 | **Certificate, Bindover and Order to Appear** |